[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO MODIFY SUPPORT AND ALIMONY
The marriage of the parties was dissolved by this court (Goldstein, J.) on August 25, 1989. The current orders for support oblige the defendant to pay to the plaintiff for support of two minor daughters the sum of $250.00 per week. That obligation has been subsequently modified to allow the defendant to pay one-half of the weekly income, minus $25.00 per week. The unpaid remainder accrues as arrearage.
The defendant is also obliged to pay $100.00 per week as alimony.
Citing ever-increasing financial obligations, most arising from his subsequent marriage, the defendant has moved for a reduction in his support and alimony obligations.
Since the filing date of his motion a number of unorthodox events have occurred concerning the custody and primary residence of the two children.
The older daughter, Jenna, age 16, and the plaintiff have had serious altercations which resulted in the daughter running away from home and living with an older boyfriend. The plaintiff mother appeared less than anxious to have Jenna ordered returned to her. Meanwhile, the defendant father balked at taking Jenna into his home because of his present wife's aversion to Jenna stemming from an alleged incident of inappropriate behavior by Jenna directed toward the present wife's twelve-year old son.
As a result of the apparent breakdown of parental control, the court was prepared to have Jenna referred to the Superior Court for Juvenile Matters as an uncared for child, noting the parents' failure and/or refusal to prove a suitable home for her. Jenna was two days short of her sixteenth birthday on that date. Instead, the court approved a stipulation of the parents that Jenna be placed in a host home until further custody could be ordered. The court did CT Page 8222 not relieve either party of their duty to provide support for Jenna while she was in the host home.
On May 6, 1992, this court awarded sole custody of Jenna to the defendant.
The defendant subsequently proposed to provide Jenna with a home. However, in view of his present wife's aversion to Jenna, his proposal involved obtaining an additional residence, separate and apart from his present wife and her son, where he and Jenna would reside, thereby adding the cost and maintenance of a third home to this less than nuclear family.
On July 14, 1992, the defendant offered evidence and testimony to establish that he had obtained the rent of a condominium for himself and Jenna for a rental of $700.00 per month.
There has since been a motion for the younger daughter, Amanda, to have custody changed to permit her to live with her sister and father.
A Family Relations Office Feasibility Study has been ordered concerning that proposal.
An attorney has been appointed by this court to represent both daughters.
Having heard the evidence and testimony, the court makes the following findings.
The court finds that the combined net incomes of the parties was $770.58 as of July 14, 1992.
The support obligation for the children over 12 years of age at that income level is $345.00. Based on their respective incomes, the parental support obligation would be $176.00 per week for the defendant father and $169.00 per week for the plaintiff mother.
The court notes that the support guidelines provide for special consideration in cases of split custody, which have been applicable in this case since May 6, 1992, when Jenna's sole custody was ordered to be in her father. The guidelines do apply in such situations.
In the instant case, with the incomes almost identical, the court finds that the parties' support obligations payable to each other for the care and CT Page 8223 maintenance of the two children are offset and that no amount is due and payable by either of them. The effective date of this modification is June 6, 1992, the date the defendant became the sole custodian of Jenna.
The court declines to further retroactively modify downward the defendant's support obligation, finding a lack of substantial financial change to warrant such a reduction of the support obligation as it exists.
At this time the court denies, without prejudice, a modification of the alimony obligation as it presently exists.
The foregoing orders are entered subject to further modification as warranted by any future changes in custody as those changes affect the finances of the parties.
BY THE COURT:
DOHERTY, J.